UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN TURNER,

               Plaintiff,

v.                                        Case No. 2:09-CV-13332
                                        HONORABLE VICTORIA A. ROBERTS

GEORGE CARAM STEEH, et. al.,

               Defendants.

_____/

## ORDER DISMISSING COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I.  Introduction

Plaintiff Julian Turner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Wayne County Jail, in Detroit, Michigan.  He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  In his complaint, Plaintiff challenges his criminal proceedings[1] and asserts that his continued incarceration is unlawful.  As defendants, Plaintiff names the Honorable George Caram Steeh from the United States District Court for the Eastern District of Michigan, Assistant United States Prosecuting Attorney Ronald Waterstreet, Probation Officer, Kim Crova, Pre-Trial Services Officer Alan Murray, IRS Investigator Maryane Krieger, Attorney Rita Chastang from the Federal Defender's Office, and court appointed attorneys Lawrence J. Bunting,  Thomas V. Wilhelm, and David S. Steingold.

---

[1]The criminal proceedings at issue involve *USA v. Turner, et. al.,* No: 00-cr-80534.  An evidentiary hearing was recently held on August 26, 2009 regarding the revocation of plaintiff's supervised release.  Sentencing is set for December 3, 2009.

Plaintiff seeks his release from prison as well as compensatory and punitive damages.  For the reasons that follow, the complaint is dismissed for failure to state a claim upon which relief can be granted and on the grounds that each of the defendants is immune from suit.

## II.  Discussion

The Court, on its own initiative, is required to dismiss a complaint filed *in forma pauperis* prior to service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the complaint in this matter is subject to summary dismissal.

### A.  Basis for Dismissal of Complaint

1. *Heck v. Humphrey*

Plaintiff's complaint is subject to dismissal because he challenges his continued

imprisonment – which fails to state a claim upon which relief may be granted under 42

U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner

challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499

(1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim

challenging his imprisonment if a ruling on his claim would necessarily render his continuing

confinement invalid, until and unless the reason for his continued confinement has been

reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal, or has been called into question by a federal court's issuance or a writ of habeas

corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the

plaintiff. *Id.* at 487-89. If the Plaintiff were to prevail on his claims, the validity of his

continued confinement would be called into question. Accordingly, such claims are barred

by *Heck* and must be dismissed.

2. Claim Against Court Appointed Attorneys

Plaintiff's complaint is also subject to dismissal because the defendants are immune

from suit. First, defense lawyers  Rita Chastang from the Federal Defender's Office, and

the other court appointed attorneys, Lawrence J. Bunting, Thomas V. Wilhelm, and David

S. Steingold,  acting as a public defender or court-appointed counsel, are not  state actors

subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public

defender does not act under color of state law when performing a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding."). Thus, Chastang, Bunting

3

and Wilhelm and Steingold are entitled to immunity.

### 3.  Claim Against Assistant United States Attorney

Second, assistant federal prosecutor Ronald Waterstreet is absolutely immune from suit to the extent that Plaintiff challenges the prosecutor's actions in pursuing criminal charges against him. A prosecutor is entitled to absolute immunity when that prosecutor acts "as an advocate for the State" and engages in activity that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); see also *Burns v. Reed*, 500 U.S. 478, 491 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. at 430-31, 96 S.Ct. 984); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir.2002).  The Supreme Court  explained, however, that "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259,  273 (1993).  For example, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested," is entitled only at most to qualified immunity. *Id.* The prosecutor's absolute immunity extends to his or her decision to file a criminal complaint. See, e.g*., Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997).

Plaintiff  fails to allege any facts which demonstrate that Waterstreet engaged in any activity other than conduct that is actually part of his function as an advocate for the State. Thus, plaintiff's complaint against Waterstreet must be dismissed.

4. <u>Claim Against Probation Officer</u>

Plaintiff's claim against Kim Crova from the United States Probation Department, is subject to dismissal.   Plaintiff alleges that Ms. Crova conspired to "violate and deprive [Plaintiff] of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth amendment rights . . . " (Comp., Aff. at 1).   Conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings. See *Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  Furthermore, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. See *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *see also Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff alleged no facts to show that the Ms. Crova sought to intentionally injure him, acted with deliberate indifference, *see Estelle v. Gamble*, 429 U.S. 97, 105 (1976), or otherwise deprived him of constitutional rights.

Moreover, Plaintiff's claim against Ms. Crova is  subject to dismissal because she is entitled to quasi-judicial immunity. The Sixth Circuit and district courts within the circuit have ruled that a probation officer performing duties to ensure that a probationer is complying with the terms of probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil rights action. See *Loggins v.Franklin Co. Ohio*, 218 Fed. Appx. 466, 476-77 (6th Cir. 2007) (citing *Blas v. Leishman-Donaldson*,

5

No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992), and *Timson v. Wright*, 532 F.3d 553 (6th Cir. 1976)); *Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (citing cases from other circuits); *Warick v. Kentucky Justice & Public Safety Cabinet*, No. 08-146-art, 2008 WL 4443056, *5 (E.D. Ky. Sept. 26, 2008); *Bennett v. Batchik*, 743 F. Supp. 1245, 1251 (E.D. Mich. 1990); *cf. Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683, 697-98 (E.D. Mich. 2008) (Tarnow, J). As such, Ms. Crova is immune from suit on Plaintiff's claim for damages.

### 5.  Claim Against Pretrial Services Officer

Plaintiff's claim against Alan Murray, from the United States Pretrial Services Department, is also subject to dismissal.  Plaintiff alleges that Mr. Murray conspired to violate his constitutional rights. (Comp., Aff. at 1). For the same reasons set forth regarding Ms. Crova,  Plaintiff's allegations of unconstitutional conduct are insufficient to state a civil rights claim under §1983.

Moreover, pretrial service officers are entitled to absolute quasi-judicial immunity when the officers are acting within their general subject matter jurisdiction and if the officers are acting pursuant to judicial directives.  *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000).  Plaintiff has made no specific factual allegations regarding Mr. Murray's conduct nor has he demonstrated that Mr. Murray acted outside of his jurisdiction or contrary to any judicial directives.  Therefore, Mr. Murray is immune from suit.

### 6.  Claim Against Internal Revenue Service Criminal Investigator

Plaintiff's claim against Maryane Krieger, from the Internal Revenue Service, is also subject to dismissal for the same reasons set forth regarding Ms. Crova and Mr. Murray, Plaintiff's allegations of unconstitutional conduct are insufficient to state a civil rights claim

under §1983.

Additionally, "[a]gents or officials of the United States, acting within the scope of their authority are absolutely immune from their actions for damages where the claims are based on common torts." *Jarvis v. Roberts,* 489 F.Supp. 924, 928 (D.C. Tex. 1990). "Where such claims are based upon alleged constitutional violations, there is a qualified immunity from damages when the federal officer has acted within the scope of his authority and in good faith belief that his actions were lawful." *Id.* Plaintiff claims that Ms. Krieger violated his constitutional rights, but makes no specific factual allegations about her acting outside the scope of her authority nor about her acting in bad faith. Therefore, Ms. Krieger is also immune from suit in this matter.

### 7.  Claim Against the Honorable George Caram Steeh

Lastly, United States District Court Judge George Caram Steeh, is entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"). 42 U.S.C. §1983 also grants state and local judges absolute immunity for their judicial acts. "Allegations arising from plaintiff's challenges to his state criminal proceedings involve the performance of judicial and quasi-judicial duties." *Jones v. Fresard,* 2009 WL 56129, *2 (E.D. Mich.  Jan. 8, 2009).

Plaintiff's claim against Judge Steeh clearly involves actions taken during the performance of his judicial duties. Plaintiff asserts that Judge Steeh "knowingly and willingly convicted [him] and enhanced [his] sentence based on perjured testimony he knew to be false  . . . [and] abused his discretion in refusing to allow [him] to withdraw [his] guilty plea not just once but twice despite both overwhelming evidence for [his] innocence and compelling reasons to grant [his] withdrawal of [the] guilty plea therein committing plain error." (Comp. at 2).  Plaintiff has made no claims demonstrating that Judge Steeh was not acting within his  judicial capacity in connection with Plaintiff's conviction.  Plaintiff merely disagrees with Judge Steeh's plea and sentence decisions. Plaintiff says the decisions were made wrongfully. Even if true, Plaintiff's  complaint against Judge Steeh must be dismissed because he is immune from suit for such conduct.

### III. Conclusion

This complaint is **DISMISSED** in its entirety.  Plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and  the defendants are immune from suit under § 1983. The Court also concludes that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 11, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Julian Turner by electronic means or U.S. Mail on September 11, 2009.

s/Carol A. Pinegar
Deputy Clerk